UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-61054

ILEANA DIAZ and
ALEXANDER GOMEZ,

    Plaintiffs,

v.

MARINER FINANCE, LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff ILEANA DIAZ ("Plaintiff Diaz") and ALEXANDER GOMEZ ("Plaintiff Gomez"), (collectively "Plaintiffs") sue Defendant MARINER FINANCE, LLC ("Defendant") for violations of 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") and Fla. Stat. § 559.55 et seq., the Florida Consumer Collection Practices Act ("FCCPA").

**JURISDICTION AND VENUE**

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, as this action involves violations of the TCPA and FDCPA.

2. Venue in this District is proper because Plaintiffs resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

**PARTIES**

3. Plaintiff Diaz is a natural person and is a resident of Broward County, Florida.

4. Plaintiff Gomez is a natural person and is a resident of Broward County, Florida.

5. Defendant is a Maryland corporation, with a principal address of Nottingham, MD.

6. Defendant directs, markets, and conducts substantial business activities in Florida.

## FACTS

7. Plaintiff Diaz is the sole subscriber of the cellular telephone number ending in 8342, ("Plaintiff Diaz's Cellphone").

8. Plaintiff Gomez is the sole subscriber of the cellular telephone number ending in 1210, ("Plaintiff Gomez's Cellphone").

9. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

10. Defendant is a business entity engaged in the business of collecting consumer debts.

11. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. On a date better known by Defendant, Defendant began attempting to collect a debt from Plaintiffs. The debt Defendant sought to collect from Plaintiffs (the "Consumer Debt") arose from a transaction that was primarily for personal, family, or household purposes.

13. Plaintiff Gomez is the *alleged* debtor of the Consumer Debt.

14. On a date better known by Defendant, Defendant began calling Plaintiff Diaz's Cellphone and Plaintiff Gomez's Cellphone (collectively, "Plaintiffs' Phones") in an attempt to collect the Consumer Debt.

15. Defendant's calls to Plaintiffs originated from, including but not limited to, the telephone phone number 863-709-1403.

16. Defendant utilized a combination of hardware and software systems to place calls to Plaintiffs' Cellphones. These systems utilized by Defendant have the current capacity or present ability

to store telephone numbers and dial stored numbers automatically, to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

17. The combination of hardware and software systems used by Defendant to place calls to Plaintiffs' Cellphones meet the statutory definition of an automated telephone dialing system ("ATDS") under the TCPA.

18. Sometime during November-2019, Plaintiff Diaz received a call from Defendant (the "November-2019 Call"). During said call, told Plaintiff Diaz told Defendant that Plaintiff Diaz was not the debtor of the Consumer Debt and explicitly demanded that Defendant stop calling between 9:00 AM and 5:00 PM because Plaintiff Diaz was at work during those hours and the calls were inconvenient.

19. In the course of the November-2019 Call, Plaintiff Diaz was connected to another agent of Defendant, but this time a purported supervisor, at which point Plaintiff Diaz, having reached new heights of embarrassment, innocence, and frustration, demanded that Defendant stop calling Plaintiffs altogether. Despite these pleas for the calls to stop, Defendant continued – and to this day *still* continues – calling Plaintiffs.

20. Defendant has called Plaintiff Gomez as many as ten (10) times in a single day in an attempt to collect the Consumer Debt.

21. Defendant Gomez continues to receive as many as three (3) calls a day from Defendant.

22. Defendant has called Plaintiff Diaz, at minimum, fourteen (14) times since the November-2019 Call in an attempt to collect the Consumer Debt.

23. On or about April 20, 2020, after once again being called by Defendant, Plaintiff Diaz threatened to hire an attorney in order to stop Defendant from calling Plaintiffs. Defendant responded by stopping until May 13, 2020, at which point Defendant resumed its harassing and wrongful calling

PAGE | **3** of **12**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

campaign.

24.     Below is a *small* example of the frequency at which Plaintiff Diaz received phone calls from Defendant:



25.     After the November-2019 Call, at minimum: [1] Defendant knew or should have known that Plaintiff Diaz was not the Debtor; [2] Defendant knew or should have known that Plaintiff Diaz explicitly did not want to be called between 9 AM and 5 PM because Plaintiff Diaz was at work and such calls were inconvenient; and [3] Defendant knew that Plaintiff Diaz ultimately demanded that Defendant stop calling Plaintiffs altogether. Despite knowing all this, however, Defendants calls to Plaintiffs continued.

26.     At no point in time did the Plaintiffs provide Defendant with Plaintiffs' express consent to be called, written or otherwise.

27.     Defendant's calls to Plaintiffs' Phones was not for emergency purposes.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## *COUNT I*
## **VIOLATIONS OF 47 U.S.C. § 227(b)**

28. Plaintiffs incorporate by reference paragraphs 1-27 of this Complaint as though fully stated herein.

29. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

30. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

31. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

32. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." Breslow v. Wells Fargo Bank, N.A., 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

33. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

34.     A defendant must demonstrate that it (the defendant) obtained the plaintiff's prior express consent.  *See* In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls"). Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See* Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

35.     Defendant – or third parties directed by Defendant – used equipment having the capacity to store telephone numbers, using a random or sequential generator, and to dial such numbers and/or to dial numbers from a list automatically, without human intervention, to make non-emergency telephone calls to the cellular telephone of Plaintiffs. These calls were placed without regard to whether Defendant had first obtained express permission from the called party to send such text message. In fact, Defendant did not have prior express consent to call Plaintiffs' Cellphones.

36.     Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system and/or pre-recorded voice to make non-emergency telephone calls to Plaintiffs' Cellphones.

37.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiffs were harmed and are entitled to a minimum of $500.00 in damages for each unlawful phone call placed to Plaintiffs' Cellphone by Defendant. Plaintiffs are also entitled to an injunction against future calls. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiffs.

38.     WHEREFORE, Plaintiffs, respectfully, request that the Court enter judgment in favor of Plaintiffs, and against Defendant that provides the following relief:

(a) Statutory damages of $500 per violation, up to $1,500 per violation if proven willful;

(b) A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling Plaintiffs' Cellphones;

(c) A declaration that Defendant used an automatic telephone dialing system and/or pre-recorded voice, as substantiated by evidence, and violated the TCPA in using such to Plaintiffs' Cellphones; and

(d) Any other relief the Court finds just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(b)

39. Plaintiff Diaz incorporates by reference paragraphs 1-27 of this Complaint as though fully stated herein.

40. Pursuant to § 1692c of the FDCPA:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

41. As stated above, during the November 2019 call, Plaintiff Diaz informed Defendant that [1] Plaintiff Diaz was not the debtor; [2] that Plaintiff Diaz explicitly did not want to be called between 9 AM and 5 PM because Plaintiff Diaz was at work and such calls were inconvenient; and [3] to stop calling Plaintiffs altogether. Defendant, however, proceeded to call Plaintiffs multiple times after the November-2019 Call in an attempt to collect the Consumer Debt.

42. Here, Defendant did not have the prior consent of the debtor of the Consumer Debt to communicate, in connection with the collection of the Consumer Debt, with Plaintiff Diaz. As such, by

and through Defendant's above complained phone calls, Defendant violated § 1692c(b) of the FDCPA.

43. WHEREFORE, Plaintiff Diaz, respectfully, request this Court to enter a judgment against Defendant, awarding the following relief:

(a) statutory, as provided under 15 U.S.C. §1692k;

(b) costs and reasonable attorneys' fees; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

### *COUNT III.*
### **VIOLATION OF 15 U.S.C. § 1692b(3)**

44. Plaintiff Diaz incorporates by reference paragraphs 1-27 of this Complaint as though fully stated herein.

45. Pursuant to § 1692b of the FDCPA, **any debt collector** communicating with **any person** other than the consumer for the purpose of acquiring location information about the consumer shall "*not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.*" 15 U.S.C. § 1692b(3).(emphasis added)

46. As stated above, during the November-2019 Call, Plaintiff Diaz informed Defendant that [1] Plaintiff Diaz was not the debtor; [2] that Plaintiff Diaz explicitly did not want to be called between 9 AM and 5 PM because Plaintiff Diaz was at work and such calls were inconvenient; and [3] to stop calling Plaintiffs altogether. Defendant, however, proceeded to call Plaintiffs multiple times after the November-2019 Call in an attempt to collect the Consumer Debt.

47. Accordingly, Defendant violated § 1692b(3) of the FDCPA by calling Plaintiff Diaz more than once in connection with or otherwise in an attempt to collect the Consumer Debt.

PAGE | **8** of **12**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

48. WHEREFORE, Plaintiff Diaz, respectfully, request this Court to enter a judgment against Defendant, awarding the following relief:

(a) statutory, as provided under 15 U.S.C. §1692k;

(b) costs and reasonable attorneys' fees; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

## *COUNT IV.*
## **VIOLATION OF 15 U.S.C. § 1692d**

49. Plaintiffs incorporate by reference paragraphs 1-27 of this Complaint as though fully stated herein.

50. Section 1692d of the FDCPA prohibits debt collectors from engaging in "*any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.*" 15 U.S.C. § 1692d.

51. Despite being asked to stop calling during the November 2019 Call, and thereafter during each and every call Defendant placed to either Plaintiff, Defendant persisted in calling Plaintiffs multiple times a week, and often multiple times a day, for an additional **six (6) months** attempting to collect a Consumer Debt.  The natural consequence of this conduct is harassing, oppressive, and/or abusive – especially after Plaintiff Diaz had explicitly told Defendant to stop calling between 9 AM and 5 PM because Plaintiff Diaz was at work and such calls were inconvenient.

52. The frequency and longevity of Defendant's calls to Plaintiffs combined with Defendant's disregard for Plaintiffs' requests that Defendant stop calling, is the type of conduct which has the  natural consequence of which is to harass, oppress, or abuse any person in connection with the

53. Accordingly, Defendant violated § 1692d of the FDCPA because Defendant continued to call Plaintiffs despite Plaintiffs repeated demand for Defendant to *stop calling*.

PAGE | **9** of **12**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

54. WHEREFORE, Plaintiffs, respectfully, request this Court to enter a judgment against Defendant, awarding the following relief:

(a) statutory, as provided under 15 U.S.C. §1692k;

(b) costs and reasonable attorneys' fees; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

### COUNT V.
### VIOLATION OF 15 U.S.C. § 1692c(a)(1)

55. Plaintiff Diaz incorporates by reference paragraphs 1-27 of this Complaint as though fully stated herein.

56. Section 1692c(a) of the FDCPA prohibits debt collectors from communicating with a consumer in the collection of any debt in "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a)(1).

57. As stated above, at minimum, subsequent to the November-2019 Call, Defendant knew that Plaintiff Diaz did not want to be called between 9 AM and 5 PM because Plaintiff Diaz was at work and such calls were inconvenient. Despite knowing Plaintiff Diaz did not want to be called while Plaintiff Diaz was at work, Defendant continued to repeatedly call Plaintiff Diaz between 9 AM and 5 PM while Plaintiff Diaz was at work, and in so doing, caused inconvenience, upset, frustration, and embarrassment by Plaintiff Diaz.

58. Accordingly, Defendant violated §1692c(a)(1) of the FDCPA because Defendant continued to call Plaintiff Diaz despite knowing that such calls would be - *and in fact were* - inconvenient to Plaintiff Diaz.

59. WHEREFORE, Plaintiff Diaz, respectfully, request this Court to enter a judgment against Defendant, awarding the following relief:

(a) statutory, as provided under 15 U.S.C. §1692k;

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(b) costs and reasonable attorneys' fees; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

## COUNT VI
## VIOLATION OF FLA. STAT. § 559.72(7) and §559.72(9)

60. Plaintiffs incorporate by reference paragraphs 1-27 of this Complaint as though fully stated herein.

61. Pursuant to Fla Stat. § 559.72(7) of the FCCPA, in collecting consumer debts, no person shall: "*Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family*" Fla Stat. § 559.72(7).

62. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

63. As stated above, during the November-2019 Call, Plaintiff Diaz informed Defendant that [1] Plaintiff Diaz was not the debtor; [2] that Plaintiff Diaz explicitly did not want to be called between 9 AM and 5 PM because Plaintiff Diaz was at work and such calls were inconvenient; and [3] to stop calling Plaintiffs altogether.

64. Defendant knew that Plaintiff Diaz was not the debtor, Defendant knew that Plaintiff Diaz did not owe the Consumer Debt, and Defendant knew it did not have either of Plaintiffs' prior express consent to call Plaintiffs' using ATDS and/or pre-recorded voice. Defendant, however, proceeded to call Plaintiffs multiple times a week for an additional **six (6) months** after being asked to stop in November 2019.

65. Here, at minimum, Defendant knew that Plaintiff Diaz was not the debtor subsequent to the November 2019 Call. Despite knowing that Plaintiff Diaz was not the debtor, Defendant asserted that Defendant had a legal right to collect the Consumer Debt from Plaintiff Diaz. Simply put, despite knowing that it did not have any entitlement or authority to collect the Consumer Debt from Plaintiff Diaz, Defendant continually called Plaintiff Diaz in an attempt to collect the Consumer Debt.

66. As such, by attempting to collect the Consumer Debt from Plaintiff Diaz by and through Defendant's relentless phone calls, Defendant violated Fla. Stat. § 559.72(9).

67. WHEREFORE, Plaintiff Diaz, respectfully, requests this Court to enter a judgment against Defendant-Creditor, awarding Plaintiffs the following relief:

(a) Statutory and actual damages as provided under Fla. Stat. §559.77(2);

(b) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiffs that are in violation of the FCCPA;

(c) Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

## JURY DEMAND

68. Plaintiffs, respectfully, demands a trial by jury on all issues so triable.

DATED: May 29, 2020

Respectfully Submitted,

 /s/ Jibrael S. Hindi                          .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136

*COUNSEL FOR PLAINTIFF*